## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-5226-GW(CWx) | Date | August 23, 2013 |
|---|---|---|---|
| Title | *Signet Domain, LLC v. Samuel G. Bailey, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):     ORDER REMANDING ACTION TO STATE COURT**


On April 23, 2013 Signet Domain LLC, as Trustee for Ponderosa Trust ("Plaintiff") ,allegedly became the owner of real property located at 17637 Ponderosa Way, Carson, CA 90746 (the "Subject Property") at a trustee's sale following foreclosure proceedings.  Compl. ¶¶ 3-7.  Defendant Samuel G. Bailey ("Defendant") allegedly occupied the Subject Property and was served with a "Three Day Notice to Quit" on May 15, 2013; Defendant remained in possession of the Subject Property for more than three days after service thereof. *Id.* ¶¶ 12-14.  On May 21, 2013 Plaintiff instituted unlawful detainer proceedings in state court. *Id.* at 1.  Defendant, proceeding *pro se*, removed the action to this Court on July 19, 2013 on the grounds that "Plaintiff's claim is based upon a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009', 12 U.S.C. § 5201.  Further, this statute is drawn in controversy . . . because the federal statute provides for a ninety (90) day notice period prior to the filing of any state eviction proceeding; Defendant asserts and alleges that Plaintiff did not allow the ninety day period to lapse before filing her claim."  Notice of Removal ¶¶ 7-8.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  It is this Court's duty to always examine its own subject matter jurisdiction, s*ee Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue.  *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).  A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986).  Further, a "strong presumption" against removal jurisdiction exists.  *See Gaus v. Miles, Inc*., 980 F.2d 564, 567 (9th Cir. 1992).

Federal subject matter jurisdiction exists over civil actions "arising under" federal law.  28

|  |  | : |  |
|---|---|---|---|
| | Initials of Preparer | JG | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5226-GW(CWx) | Date | August 23, 2013 |
|---|---|---|---|
| Title | *Signet Domain, LLC v. Samuel G. Bailey, et al.* | | |

U.S.C. § 1331. A claim arises under federal law "when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint contains a single cause of action for unlawful detainer, a state law claim. Compl. at 1. Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim arising under federal law. *See id.* at 392-93. As a result, Defendant's reliance on the purported defenses under federal law identified in the Notice of Removal cannot serve as the basis for federal question jurisdiction. This is a simple state law unlawful detainer case, and there is no federal question presented on the face of Plaintiff's complaint.

      The Court thus REMANDS the action to state court, orders the Court Clerk promptly to serve this order on all parties who have appeared in this action.

       : _____

Initials of Preparer    JG